OPINION
These divorce proceedings have experienced a long and arduous procedural journey, including previous trips to this court, but the parameters of the present appeal are outlined in an entry filed by the Domestic Relations Court on August 2, 2000, which states as follows:
 "This cause came on for conference between counsel in the matter of Donese v. Donese. The matter addressed in chambers, a record of which was maintained by the certified court reporter, was whether or not this court inappropriately issued a restraining order against Mr. Donese's funds held by the Fifth Third Bank, which funds were the result of proceeds he received from the sale of a Store N Lock operation in which he was a part owner.
 The court will leave in effect the restraining order previously issued by July 5, 2000, and require Mr. Donese to post a bond with the Clerk of Courts in an amount sufficient to ensure payment on the 1st day of November, and any other payments not timely made prior thereto pursuant to this court's prior entry and order.
This is a FINAL APPEALABLE ORDER."
 Nothing new was presented or decided at the in-chambers conference of August 2, 2000, and the parties themselves, as well as the trial court, expressed some doubt that the informal hearing produced a final appealable order. (T. 15-16-24-25). In fact, it appears further from the record that such order was merely a reiteration of the restraining order entered on July 5, 2000, which was not the subject of a timely appeal. Hence, we likewise share the apprehension of the parties as to the appealability of the order fashioned by the trial court, and the mere fact that such order was specifically designated as final does not change its true identity and purpose.
Parenthetically, we also notice from the record that appellant's assignments of error have been rendered moot by a time frame which predates November 1, 2000, at which time Mr. Donese was judicially bound to comply with the order entered on October 7, 1998. In other words, an orderly compliance with the previous orders of the Domestic Relations Court by the appellant will render the restraining order unnecessary. However, for want of jurisdiction, the appeal will be dismissed.
 ____________ KERNS, J.
WOLFF, J., and GRADY, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).